I respectfully dissent.
This is an appeal from a judgment entered on the grant of a Rule 12(b)(6), Ala.R.Civ.P., motion to dismiss. The majority says the plaintiff pleaded itself out of court by alleging a claim that, on its face, shows it is time-barred. A reading of the complaint does not lead to the inescapable conclusion that the plaintiff's contract and indemnification claims are time-barred. The complaint alleges dates on which the title policies were issued. *Page 218 
Those dates do not preclude claims for indemnification, which could arise well past the expiration of any two- or six-year limitations period. Ala. Code 1975, § 6-2-6, provides:
 "When an injury arises from the act or omission of a deputy or agent, the time for the limitation of an action by the principal against such deputy or agent does not commence to run until the liability of the principal for the act or omission of such deputy or agent is ascertained by an action of the party aggrieved against the principal."
(Emphasis added.)
The complaint alleges a cause of action by a principal against its agent. The applicable statute of limitations may be raised as a defensive matter. The plaintiff should have been allowed to proceed until or unless an applicable defense defeated its claim.
The plaintiff's claims under the Alabama Legal Services Liability Act (Ala. Code 1975, § 6-5-570 et seq.) against Hooper as an attorney may be legally separated from those against him as an agent. Ticor Title Insurance Co. v. Smith, 794 S.W.2d 734
(Tenn.App. 1990).